**Exhibit A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **EXAMINATION MANAGEMENT SERVICES, INC.,** | § § § | **Case No. 20-32548-HDH-7** |
| Debtor. | § § § | |
| **In re:** | § § § | **Chapter 7** |
| **EMSI ACQUISITION, INC.,** | § § § | **Case No. 20-32549-MVL-7** |
| Debtor. | § § § | |
| **In re:** | § § § | **Chapter 7** |
| **EMSI HOLDCO, INC.,** | § § § | **Case No. 20-32550-SGJ-7** |
| Debtor. | § § § | |
| **In re:** | § § § | **Chapter 7** |
| **EMSI HOLDING COMPANY,** | § § § | **Case No. 20-32551-HDH-7** |
| Debtor. | § § § | |

**ORDER GRANTING AGREED MOTION OF MIDCAP FUNDING IV
<u>TRUST FOR RELIEF FROM THE AUTOMATIC STAY</u>**

1

Upon the *Agreed Motion of MidCap Funding IV Trust For Relief From the Automatic Stay* (the "Motion");[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that the venue of this chapter 7 case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation, including consideration that no party-in-interest opposes the Motion and sufficient cause appearing therefor;

**IT IS HERBY ORDERED** that:

1. The Motion is **GRANTED**.

2. Relief from the automatic stay is granted pursuant to 11 U.S.C. §§ 362(d)(1) and (2), and MidCap is authorized to exercise all rights and remedies under the Loan Documents, including to seize, collect, store, inventory, market, liquidate, auction, sell, and otherwise realize upon the Collateral to the extent authorized under the Loan Documents.

3. MidCap is authorized to apply the net proceeds from the Collateral toward all amounts due and owing under the Loan Documents.

4. MidCap is authorized to obtain the funds held in Debtors' bank accounts governed by the Sweep DACA.

5. MidCap is authorized to work with the Trustee and Wells Fargo to use the bank accounts governed by the Sweep DACA for all necessary purposes to receive the proceeds of its Collateral, including but not limited to, accounts receivable.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

6. The stay imposed under Bankruptcy Rule 4001(a)(3) is hereby waived, and this Order shall be immediately enforceable upon its entry.

7. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

# # # End of Order # # #

Agreed as to Substance and Form:

| **GREENBERG TRAURIG, LLP** | **SHERMAN & YAQUINTO, L.L.P** |
|---|---|
| */s/ Shari L. Heyen* | */s/ Daniel J. Sherman* |
| Shari L. Heyen | Daniel J. Sherman |
| Texas Bar No. 09564750 | Sherman & Yaquinto, L.L.P. |
| *HeyenS@gtlaw.com* | 509 N. Montclair |
| 1000 Louisiana St., Suite 1700 | Dallas, TX 75208 |
| Houston, Texas 77002 | Telephone: (214) 942-5502 |
| Telephone: (713) 374-3500 | Email: djsherman@syllp.com |
| Facsimile: (713) 374-3505 | |
| | ***Chapter 7 Trustee*** |
| ***Counsel for MidCap Funding IV Trust*** | |