## EXHIBIT C

## PAYMENT GUARANTY

## DATED APRIL 26, 2019

## PAYMENT GUARANTY

**THIS PAYMENT GUARANTY** (this "**Guaranty**") made as of April 26, 2019, by **EMSI HOLDCO, INC.**, a Delaware corporation ("**Guarantor**"), to and for the benefit of **MIDCAP FINANCIAL TRUST**, a Delaware statutory trust, its successors and assigns (in its individual capacity as a lender, "**MCF**"), having an address at c/o MidCap Financial Services, LLC, as servicer, 7255 Woodmont Avenue, Suite 200, Bethesda, Maryland 20814, in its capacity as agent (and in such capacity, together with its successors and assigns, "**Agent**") for Lenders (as defined below).

## RECITALS

A.  Pursuant to that certain Credit and Security Agreement of even date herewith (together with all extensions, renewals, restatements modifications, substitutions and amendments thereof, the "**Credit Agreement**") among EXAMINATION MANAGEMENT SERVICES, INC., a Nevada corporation,  EMSI HOLDING COMPANY, a Delaware corporation, EMSI ACQUISITION, INC., a Delaware corporation, and any additional borrower that may be added thereunder (each individually as a "**Borrower**", and collectively as "**Borrowers**"), Agent, MCF, and Lenders, Lenders are making available to Borrowers a revolving loan facility in the aggregate maximum principal amount of $20,000,000 and a senior secured term loan in the in the original principal amount of $6,000,000 (the "**Term Loan**"), and other credit accommodations to Borrowers, as the same may be increased or decreased from time to time in accordance with the terms of the Credit Agreement.  Capitalized terms used and not otherwise defined herein shall have the meanings given to them in the Credit Agreement.

B.  Guarantor will derive material financial benefit from the Lenders making the Loans available to Borrowers.

C.  Agent and Lenders have relied on the statements and agreements contained herein in agreeing to make the Loan and other financial accommodations available to Borrowers.  The execution and delivery of this Guaranty by Guarantor is a condition precedent to the making the Loan and other financial accommodations available to Borrowers.

## AGREEMENTS

**NOW, THEREFORE**, intending to be legally bound, Guarantor, in consideration of the matters described in the foregoing Recitals, which Recitals are incorporated herein and made a part hereof, and for other good and valuable consideration the receipt and sufficiency of which are acknowledged, hereby covenants and agrees for the benefit of Agent and Lenders and their successors, indorsees, transferees, participants and assigns as follows:

1.  <u>Guaranty</u>. Guarantor absolutely, unconditionally and irrevocably guarantees:

(a)  the full and prompt payment of the principal of and interest on the Term Loan when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter, and the full and prompt payment of all sums which may now be or may hereafter become due and owing with respect to the Term Loan (including, without limitation, any interest that may accrue on any judgment against Guarantor in respect of any of the guaranteed

obligations hereunder at the lesser of the Default Rate of Interest (as set forth in Section 10.5 of the Credit Agreement) and the maximum interest rate permitted by applicable law) and

(b) the full and prompt payment of any Enforcement Costs (as defined in Section 7 hereof).

All amounts due, debts, liabilities and payment obligations described in subsections (a) and (b) of this Section 1 shall be hereinafter collectively referred to as the "**Obligations**.

All payments under this Guaranty must be made in lawful money of the United States of America and in current funds. Any amount received by Agent or Lenders from any collateral or security for the Financing Documents may be applied by it towards any sums due under or in respect of the Financing Documents, in such order of application as is provided for under the applicable Financing Documents, or if not so provided for, then in such order as Agent may from time to time elect in its sole discretion. Subject to the preceding sentence, Agent shall have the right to determine how, when and what application of payments and credits, whether derived from the Borrowers or any other source, shall be made on the amounts due Agent and Lenders under the Financing Documents.

Notwithstanding the foregoing or any other provision of this Guaranty, Agent and Lenders agree that the maximum liability of Guarantor for the payment of principal in Subsection 1(a) above ("**Guaranteed Amount**") shall be limited to the amount by which (a) the outstanding principal balance of the Term Loan on the date demand for payment is made hereunder exceeds (b) $5,000,000 . Furthermore, all amounts paid by the Borrowers in respect of the Obligations, on and after acceleration or as the proceeds of a foreclosure of the Financing Documents, shall be applied in the following order of priority: first to the Unguaranteed Amount, second to the balance of the Obligations other than the Guaranteed Amount and Enforcement Costs, and finally to the Guaranteed Amount plus Enforcement Costs. For purposes of this Section, the term "**Unguaranteed Amount**" shall mean, as of the time of computation, (a) all principal amounts outstanding under the Term Loan less (b) the Guaranteed Amount.

2. <u>Payment of Amounts Owed</u>. Upon the occurrence of an Event of Default, after the expiration of any applicable cure or grace period, Guarantor agrees, on demand by Agent or any holder of all or part of the Term Loan (which demand may be made concurrently with notice to Borrowers that Borrowers are in default of their obligations), to pay the Obligations, regardless of any defense, right of set-off or recoupment or claims which Borrowers or Guarantor may have against Agent or any Lenders or any holder of all or part of the Term Loan. All of the remedies set forth herein and/or provided for in any of the other Financing Documents or at law or equity shall be equally available to Agent and Lenders, and the choice by Agent or any Lenders of one such alternative over another shall not be subject to question or challenge by Guarantor or any other person, nor shall any such choice be asserted as a defense, setoff, recoupment or failure to mitigate damages in any action, proceeding, or counteraction by Agent or Lenders to recover or seeking any other remedy under this Guaranty, nor shall such choice preclude Agent or Lenders from subsequently electing to exercise a different remedy. The parties have agreed to the alternative remedies provided herein in part because they recognize that the choice of remedies in the event of a default hereunder will necessarily be and should

properly be a matter of business judgment, which the passage of time and events may or may not prove to have been the best choice to maximize recovery by Agent or Lenders at the lowest cost to Borrowers and/or Guarantor. It is the intention of the parties that such choice of remedy by Agent and any Lenders be given conclusive effect regardless of such subsequent developments.

        3.      <u>Certain Waivers by Guarantor</u>. To the fullest extent permitted by law, Guarantor does hereby (a) waive notice of acceptance of this Guaranty by Agent and Lenders and any and all notices and demands of every kind which may be required to be given by any statute, rule or law; (b) agree to refrain from asserting, until after repayment in full of the Loan, any defense, right of set-off, right of recoupment or other claim which Guarantor may have against Borrowers; (c) waive any defense, right of set-off, right of recoupment or other claim which Guarantor or Borrowers may have against Agent, any Lenders or any holder of all or part of the Term Loan; (d) waive any and all rights Guarantor may have under any anti-deficiency statute or other similar protections; (e) waive all rights at law or in equity to seek subrogation, contribution, indemnification or any other form of reimbursement or repayment from Borrowers or any other person or entity now or hereafter primarily or secondarily liable for any of the Obligations until the Obligations have been paid in full; (f) waive presentment for payment, demand for payment, notice of nonpayment or dishonor, protest and notice of protest, diligence in collection and any and all formalities which otherwise might be legally required to charge Guarantor with liability; (g) waive the benefit of all appraisement, valuation, marshalling, forbearance, stay, extension, redemption, homestead, exemption and moratorium laws now or hereafter in effect; (h) waive any defense based on the incapacity, lack of authority, death or disability of any other person or entity or the failure of Agent or any Lenders to file or enforce a claim against the estate of any other person or entity in any administrative, bankruptcy or other proceeding; (i) waive any defense based on an election of remedies by Agent or Lenders, whether or not such election may affect in any way the recourse, subrogation or other rights of Guarantor against the Borrowers, any other guarantor or any other person in connection with the Obligations; (j) waive any defense based on the failure of the Agent or any Lenders to (i) provide notice to Guarantor of a sale or other disposition (including any collateral sale pursuant to the UCC) of any of the security for any of the Obligations, or (ii) conduct such a sale or disposition in a commercially reasonable manner; (k) waive any defense based on the negligence of Agent or Lenders in administering the Loan (including, without limitation, the failure to perfect any security interest in any collateral for the Loan), or taking or failing to take any action in connection therewith, or based on the federal Equal Credit Opportunity Act, or any similar or successor act, or any applicable regulations or any similar act or regulation of any state, *provided*, *however*, that such waiver shall not apply to the gross negligence or willful misconduct of the Agent or any Lenders as determined by the final, non-appealable decision of a court having proper jurisdiction; (l) waive the defense of expiration of any statute of limitations affecting the liability of Guarantor hereunder or the enforcement hereof; (m) waive any right to file any Claim (as defined below) as part of, and any right to request consolidation of any action or proceeding relating to a Claim with, any action or proceeding filed or maintained by Agent or any Lenders to collect any Obligations of Guarantor to Agent or Lenders hereunder or to exercise any rights or remedies available to Agent or any Lenders under the Financing Documents, at law, in equity or otherwise; (n) agree that neither Agent nor Lenders shall have any obligation to obtain, perfect or retain a security interest in any property to secure any of the Obligations or this Guaranty, or to protect or insure any such property; (o) waive any obligation Agent or Lenders may have to disclose to Guarantor any facts the Agent or Lenders now or

hereafter may know or have reasonably available to it regarding the Borrowers or Borrowers' financial condition, whether or not the Agent or any Lenders has a reasonable opportunity to communicate such facts or has reason to believe that any such facts are unknown to Guarantor or materially increase the risk to Guarantor beyond the risk Guarantor intends to assume hereunder; (p) agree that neither Agent nor Lenders shall be liable in any way for any decrease in the value or marketability of any property securing any of the Obligations which may result from any action or omission of the Agent or Lenders in enforcing any part of this Guaranty or any portion of the Loan; (q) waive any defense based on the consideration for this Guaranty; (r) waive any defense based on any invalidity, irregularity or unenforceability, in whole or in part, of any one or more of the Financing Documents; (s) waive any defense based on any change in the composition of Borrowers, including, without limitation, the voluntary or involuntary withdrawal or removal of Guarantor from any current or future position of ownership, management or control of Borrowers; and (t) waive any defense based on any representations and warranties made by Guarantor herein or by Borrowers in any of the Financing Documents. Credit may be granted or continued from time to time by Agent or any Lenders to Borrowers without notice to or authorization from Guarantor, regardless of the financial or other condition of Borrowers at the time of any such grant or continuation. Neither Agent nor Lenders shall have any obligation to disclose or discuss with Guarantor its assessment of the financial condition of Borrowers. Guarantor acknowledges that no representations of any kind whatsoever have been made by Agent or Lenders to induce Guarantor to execute and deliver this Guaranty. No modification or waiver of any of the provisions of this Guaranty shall be binding upon Agent or Lenders except as expressly set forth in a writing duly signed and delivered by Agent and Lenders. For purposes of this section, the term "**Claim**" shall mean any claim, action or cause of action, defense, counterclaim, set-off or right of recoupment of any kind or nature against the Agent or Lenders, its officers, directors, employees, agents, members, actuaries, accountants, trustees or attorneys, or any affiliate of the Agent or Lenders in connection with the making, closing, administration, collection or enforcement by the Agent or Lenders of the Obligations or the obligations evidenced by the Financing Documents (including this Guaranty).

4. <u>Guarantor's Obligations Not Affected by Modifications of Financing Documents</u>. Guarantor further agrees that Guarantor's liability as guarantor shall not be impaired or affected by any renewals or extensions which may be made from time to time, with or without the knowledge or consent of Guarantor of the time for payment of interest or principal on the Term Loan or by any forbearance or delay in collecting interest or principal on the Term Loan, or by any waiver by Agent or any Lenders under the Credit Agreement or any other Financing Documents, or by Agent's or any Lenders' failure or election not to pursue any other remedies it may have against Borrowers or Guarantor, or by any change or modification in the Credit Agreement or any other Financing Document, or by the acceptance by Agent or Lenders of any additional security or any increase, substitution or change therein, or by the release by Agent or Lenders of any security or any withdrawal thereof or decrease therein, or by the application of payments received from any source to the payment of any obligation other than the Obligations even though Agent or Lenders might lawfully have elected to apply such payments to any part or all of the Obligations, it being the intent hereof that, subject to Agent's or Lenders' compliance with the terms of this Guaranty and the other Financing Documents, Guarantor shall remain liable for the payment of the Obligations, until all of the Obligations have been paid in full, notwithstanding any act or thing which might otherwise operate as a legal or equitable discharge of a surety. Guarantor further understands and agrees that Agent or Lenders may at any time

4

enter into agreements with Borrowers to amend, modify and/or increase the principal amount of, interest rate applicable to or other economic and non-economic terms of the Credit Agreement or other Financing Documents, and may waive or release any provision or provisions of the Credit Agreement and other Financing Documents or any thereof, and, with reference to such instruments, may make and enter into any such agreement or agreements as Agent, Lenders and Borrower may deem proper and desirable, without in any manner impairing this Guaranty or any of Agent's or any Lenders' rights hereunder or Guarantor's obligations hereunder, and Guarantor's obligations hereunder shall apply to the Credit Agreement and other Financing Documents as so amended, modified, extended, renewed or increased.

5.  Nature of Guaranty.  This is an absolute, present and continuing guaranty of payment and not merely of collection.  Guarantor agrees that this Guaranty may be enforced by Agent or any Lenders without the necessity at any time of resorting to or exhausting any other security or collateral given in connection herewith or with the Credit Agreement or any of the other Financing Documents through foreclosure or sale proceedings, as the case may be, under the Financing Documents or otherwise, or resorting to any other guaranties, and Guarantor hereby waives any right to require Agent or Lenders to join Borrower in any action brought hereunder or to commence any action against or obtain any judgment against Borrowers or to pursue any other remedy or enforce any other right.  Guarantor further agrees that nothing contained herein or otherwise shall prevent Agent or Lenders from pursuing concurrently or successively all rights and remedies available to it at law and/or in equity or under the Credit Agreement or any other Financing Documents, and the exercise of any of its rights or the completion of any of its remedies that do not result in full payment of the Obligations and complete satisfaction of Borrowers' obligations under the Financing Documents shall not constitute a discharge of Guarantor's obligations hereunder, it being the purpose and intent of Guarantor that the obligations of Guarantor hereunder shall be absolute, independent and unconditional under any and all circumstances whatsoever.  None of Guarantor's obligations under this Guaranty or any remedy for the enforcement thereof shall be impaired, modified, changed or released in any manner whatsoever by any impairment, modification, change, release or limitation of the liability of Borrowers under the Credit Agreement or other Financing Documents or by reason of the bankruptcy of Borrowers or by reason of any creditor or bankruptcy proceeding instituted by or against Borrowers.  This Guaranty shall continue to be effective or be reinstated (as the case may be) if at any time payment of all or any part of any sum payable with respect to the Term Loan and pursuant to the Credit Agreement or any other Financing Document is rescinded or otherwise required to be returned by Agent or Lenders upon the insolvency, bankruptcy, dissolution, liquidation, or reorganization of Borrowers, or upon or as a result of the appointment of a receiver, intervenor, custodian or conservator of or trustee or similar officer for, Borrowers or any substantial part of its property, or otherwise, all as though such payment to Agent or Lenders had not been made, regardless of whether Agent or Lenders contested the order requiring the return of such payment.  In the event of the foreclosure of the Financing Documents and of a deficiency, Guarantor hereby promises and agrees forthwith to pay the amount of such deficiency notwithstanding the fact that recovery of said deficiency against Borrowers would not be allowed by applicable law; *provided, however, that* the foregoing shall not be deemed to require that Agent or Lenders institute foreclosure proceedings or otherwise resort to or exhaust any other collateral or security prior to or concurrently with enforcing this Guaranty.

5

6. <u>Effect of Assignment</u>.  In the event any Lender shall assign any portion of the Term Loan it holds (the "**Assignment**") to any lender or other entity (the "**Assignee**") to secure a loan from Assignee to such Lender, Guarantor will accord full recognition thereto and agree that all rights and remedies of such Lender hereunder shall be enforceable against Guarantor by Assignee with the same force and effect and to the same extent as would have been enforceable by such Lender but for the Assignment; *provided*, *however*, that unless Agent and Lenders shall otherwise consent in writing, Agent and Lenders shall have an unimpaired right, prior and superior to that of Assignee, to enforce this Guaranty for Agent's and Lenders' benefit to the extent of any indemnities constituting a part of the Obligations which are not expressly assigned or transferred.  Notwithstanding the foregoing, in no event shall any Assignment (a) obligate Guarantor to make any payment to, or to perform any obligation on behalf of, any party other than Agent and Lenders following an Assignment unless Agent or such Lenders provides Guarantor written notice of the Assignment, in which case Guarantor shall be entitled to rely on such written notice, or (b) entitle Agent and Lenders and Assignee to duplicative recoveries.

7. <u>Enforcement Costs</u>.  If:  (a) this Guaranty is placed in the hands of an attorney for collection or is collected through any legal proceeding; (b) an attorney is retained to represent Agent or any Lenders in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Guaranty; (c) an attorney is retained to provide advice or other representation with respect to this Guaranty; or (d) an attorney is retained to represent Agent or any Lenders in any proceedings whatsoever in connection with this Guaranty and Agent or Lenders prevail in any such proceedings, then Guarantor shall pay to Agent or Lenders upon demand all attorneys' fees, costs and expenses incurred in connection therewith (all of which are referred to herein as "**Enforcement Costs**"), in addition to all other amounts due hereunder, regardless of whether all or a portion of such Enforcement Costs are incurred in a single proceeding brought to enforce this Guaranty as well as the other Financing Documents.

8. <u>Severability</u>.  The parties hereto intend and believe that each provision in this Guaranty comports with all applicable local, state and federal laws and judicial decisions.  However, if any provision or provisions, or if any portion of any provision or provisions, in this Guaranty is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law, administrative or judicial decision, or public policy, and if such court should declare such portion, provision or provisions of this Guaranty to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of all parties hereto that such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Guaranty shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights, obligations and interest of Agent, Lenders or any holder of all or part of the Term Loan under the remainder of this Guaranty shall continue in full force and effect.

9. **<u>CHOICE OF LAW; CONSENT TO JURISDICTION</u>.  THIS GUARANTY AND ALL MATTERS RELATING HERETO OR ARISING HEREFROM (WHETHER SOUNDING IN CONTRACT LAW, TORT LAW OR OTHERWISE), SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO**

6

**CONFLICTS OF LAWS PRINCIPLES. WITH RESPECT TO ANY SUIT, ACTION OR PROCEEDINGS RELATING TO THIS GUARANTY (EACH, A "PROCEEDING"), AGENT AND LENDERS (BY THEIR ACCEPTANCE HEREOF) AND GUARANTOR IRREVOCABLY (A) SUBMIT TO THE NON-EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS HAVING JURISDICTION IN THE BOROUGH OF MANHATTAN, CITY OF NEW YORK, STATE OF NEW YORK, AND (B) WAIVE ANY OBJECTION WHICH IT MAY HAVE AT ANY TIME TO THE LAYING OF VENUE OF ANY PROCEEDING BROUGHT IN ANY SUCH COURT, WAIVE ANY CLAIM THAT ANY PROCEEDING HAS BEEN BROUGHT IN AN INCONVENIENT FORUM AND FURTHER WAIVE THE RIGHT TO OBJECT, WITH RESPECT TO SUCH PROCEEDING, THAT SUCH COURT DOES NOT HAVE JURISDICTION OVER SUCH PARTY. NOTHING IN THIS GUARANTY SHALL PRECLUDE AGENT OR LENDERS FROM BRINGING A PROCEEDING IN ANY OTHER JURISDICTION NOR WILL THE BRINGING OF A PROCEEDING IN ANY ONE OR MORE JURISDICTIONS PRECLUDE THE BRINGING OF A PROCEEDING IN ANY OTHER JURISDICTION TO THE EXTENT THE FOREGOING IS PERMITTED UNDER APPLICABLE LAW. AGENT, LENDERS AND GUARANTOR FURTHER AGREE AND CONSENT THAT, IN ADDITION TO ANY METHODS OF SERVICE OF PROCESS PROVIDED FOR UNDER APPLICABLE LAW, ALL SERVICE OF PROCESS IN ANY PROCEEDING IN ANY NEW YORK STATE OR UNITED STATES COURT SITTING IN THE BOROUGH OF MANHATTAN, CITY OF NEW YORK, STATE OF NEW YORK MAY BE MADE BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO THE APPLICABLE PARTY AT THE ADDRESS INDICATED BELOW, AND SERVICE SO MADE SHALL BE COMPLETE UPON RECEIPT; <u>EXCEPT</u> THAT IF SUCH PARTY SHALL REFUSE TO ACCEPT DELIVERY, SERVICE SHALL BE DEEMED COMPLETE FIVE (5) DAYS AFTER THE SAME SHALL HAVE BEEN SO MAILED.**

      10.    <u>Subordination of Borrowers' Obligations to Guarantor; Claims in Bankruptcy</u>.

      (a)    Any indebtedness of Borrowers to Guarantor (including, without limitation, any right of such Guarantor to a return of any capital contributed to Borrowers), whether now or hereafter existing, is hereby subordinated to the payment of the Obligations. Guarantor agrees that, until the entire Obligations have been paid in full, Guarantor will not seek, accept, or retain for its own account, any payment from Borrowers on account of such subordinated debt. Any payments to Guarantor on account of such subordinated debt shall be collected and received by Guarantor in trust for Agent and Lenders and shall be paid over to Agent, on behalf of Agent and Lenders, on account of the Obligations without impairing or releasing the obligations of Guarantor hereunder.

      (b)    Guarantor shall promptly file in any bankruptcy or other proceeding in which the filing of claims is required by law, all claims and proofs of claims that Guarantor may have against the Borrowers or any other guarantor and does hereby assign to Agent or its nominee (and will, upon request of Agent, reconfirm in writing the assignment to Agent or its nominee of) all rights of Guarantor under such claims. If Guarantor does not file any such claim, Agent, as attorney-in-fact for Guarantor, is hereby irrevocably authorized to do so in the name of Guarantor, or in Agent's discretion, to assign the claim to a designee and cause proof of claim to

be filed in the name of Agent's designee. In all such cases, whether in administration, bankruptcy or otherwise, the person or persons authorized to pay such claim shall pay to Agent, on behalf of Agent and Lenders, the full amount thereof and, to the full extent necessary for that purpose, Guarantor hereby assigns to Agent and each Lenders all of the Guarantor's rights to any such payments or distributions to which Guarantor would otherwise be entitled, such assignment being a present and irrevocable assignment of all such rights.

(c) In the event (i) Borrowers or any other guarantor shall (A) file voluntarily or be filed against involuntarily for protection under the U.S. Bankruptcy Code or any other present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors, (B) have sought or consented to or acquiesced in the appointment of any trustee, receiver, conservator, or liquidator, or (C) be the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a petition filed against such party for any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or relief for debtors, and (ii) the automatic stay imposed by the applicable provisions of the U.S. Bankruptcy Code, as amended, or under any other applicable law, against the exercise of the rights and remedies otherwise available to creditors of the Borrowers or such other guarantor is deemed by the court having jurisdiction to apply to Guarantor so that Guarantor is not permitted to pay Agent and Lenders the Obligations and/or Agent or Lenders may not immediately enforce the terms of this Guaranty or exercise such other rights and remedies against Guarantor as would otherwise be provided by law, Agent and Lenders shall immediately be entitled, and Guarantor hereby consents, to relief from such stay, and Guarantor hereby authorizes and directs Agent and Lenders to present this Guaranty to the applicable court to evidence this agreement and consent.

11. Application of Proceeds. Any amounts received by Agent or Lenders from any source on account of the Loan may be utilized by Agent or Lenders for the payment of the Obligations and any other obligations of Borrowers to Agent and Lenders in such order as Agent and Lenders may from time to time elect, subject to the terms and conditions of the Financing Documents.

12. Events of Default.

(a) It is expressly agreed that time is of the essence of this Guaranty and every covenant and provision hereof, and that any of the following shall be an "**Event of Default**" under this Guaranty:

(i) the failure of Guarantor to satisfy the covenants set forth in Section 16 below;

(ii) any Insolvency Event (as defined below) with respect to Guarantor;

(iii) the failure of Guarantor to satisfy the covenants set forth in Section 17 below;

(iv) any "Event of Default" (as defined in the Credit Agreement) occurs; and/or

8

(v) any material inaccuracy in any representation or warranty made by Guarantor, or any material omission of Guarantor, in connection with its financial condition prior or subsequent to the date of this Guaranty.

(b) Upon the occurrence of any Event of Default under this Guaranty, there shall be deemed to have occurred a default and an Event of Default (as that term is used in any of the other Financing Documents) under each of the other Financing Documents, regardless of whether or not any portion of the Obligations may then be due and payable.

(c) The term "**Insolvency Event**" shall mean any of the following: (i) Guarantor makes an assignment for the benefit of creditors, offers a composition or extension to creditors, or makes or sends notice of an intended bulk sale of any business or assets now or hereafter conducted or owned by Guarantor; (ii) Guarantor files a petition in bankruptcy; (iii) Guarantor is adjudicated insolvent or bankrupt, or petitions or applies to any tribunal for any receiver of or any trustee for itself or any substantial part of its property; (iv) Guarantor commences any proceeding relating to itself under any reorganization, arrangement, readjustment or debt, dissolution or liquidation law or statute of any jurisdiction, whether now or hereafter in effect; (v) any such proceeding is commenced against Guarantor and such proceeding remains undismissed for a period of sixty (60) days; or (vi) Guarantor by any act indicates its consent to, approval of, or acquiescence in, any such proceeding or the appointment of any receiver of or any trustee for Guarantor or any substantial part of its property, or suffers any such receivership or trusteeship to continue undischarged for a period of sixty (60) days.

(d) All grace periods under the Credit Agreement, this Guaranty and/or the other Financing Documents shall run concurrently such that once any grace period has expired without the curing of the default in question, Agent and Lenders shall be entitled to exercise any and all of the rights and remedies granted under the Credit Agreement, this Guaranty and the other Financing Documents without the necessity of issuing any further notice or the granting of any further grace periods.

13. **WAIVER OF TRIAL BY JURY**. **GUARANTOR, AGENT, AND EACH LENDER (BY THEIR ACCEPTANCE HEREOF) EACH KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CLAIM, CONTROVERSY, DISPUTE, ACTION OR PROCEEDING ARISING OUT OF OR RELATED TO THIS GUARANTY AND THE OTHER FINANCING DOCUMENTS (INCLUDING WITHOUT LIMITATION ANY ACTIONS OR PROCEEDINGS FOR ENFORCEMENT OF THE FINANCING DOCUMENTS) AND AGREE THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY. GUARANTOR, AGENT, AND EACH LENDER ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO ENTER INTO A BUSINESS RELATIONSHIP, THAT EACH OF THEM HAS RELIED ON THIS WAIVER IN ENTERING INTO THIS GUARANTY AND THE OTHER FINANCING DOCUMENTS AND THAT EACH OF THEM WILL CONTINUE TO RELY ON THIS WAIVER IN THEIR RELATED FUTURE DEALINGS. GUARANTOR, AGENT AND EACH LENDER EACH WARRANT AND REPRESENT THAT EACH HAS HAD THE OPPORTUNITY OF REVIEWING THIS JURY WAIVER**

CHICAGO/#3276777.3

**WITH LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS.**

14. Notices.  All notices required or permitted hereunder shall be given and shall become effective as provided in the Credit Agreement.

| | |
|---|---|
| All notices to Guarantor shall be addressed as follows: | c/o Examination Management Services, Inc.<br>3050 Regent Boulevard, Suite 400<br>Irving, Texas 75063<br>Attention:  General Counsel<br>Facsimile No.:  877-768-3246 |

15. Representations and Warranties.  To induce Agent and Lenders to make the Term Loan and other financial accommodations available to Borrowers, Guarantor makes the following representations and warranties to Agent and Lenders set forth in this Section. Guarantor acknowledges that but for the truth and accuracy of the matters covered by the following representations and warranties, Lenders would not have agreed to make the Term Loan and other financial accommodations available to Borrowers.

(a) Guarantor maintains an office at the address set forth for such party in Section 14;

(b) except as disclosed in writing to Agent and Lenders, there is no action, proceeding, or investigation pending or, to the knowledge of Guarantor, threatened or affecting Guarantor, which may adversely affect Guarantor's ability to fulfill its obligations under this Guaranty; and

(c) Guarantor is not in default under any agreements which may adversely affect Guarantor's ability to fulfill its obligations under this Guaranty.

All of the foregoing representations and warranties shall be deemed remade on the date of the first disbursement of proceeds or other extension of credit in respect of the Loan, on the date of any subsequent advance of proceeds or other extension of credit in respect of the Loan (to the extent provided for in the Financing Documents), and upon any extension of the Loan pursuant to the Credit Agreement.  Guarantor hereby agrees to indemnify, defend and hold Agent and Lenders free and harmless from and against all loss, cost, liability, damage, and expense, including attorneys' fees and costs, which Agent and any Lenders may sustain by reason of the inaccuracy or breach of any of the foregoing representations and warranties as of the date the foregoing representations and warranties are made and are remade.

16. Notices of Certain Financial Events.  If Guarantor shall become insolvent or seek protection under insolvency laws or proceedings, or any application shall be made to have Guarantor declared bankrupt or insolvent, or a receiver or trustee shall be appointed for Guarantor or for all or a substantial part of the property of Guarantor, or Guarantor shall make an assignment for the benefit of creditors, notice of such occurrence or event shall be promptly furnished to the Agent by Guarantor.

17. <u>Covenants</u>. Until such time as the Obligations are indefeasibly satisfied, Guarantor covenants as follows:

(a) Guarantor will preserve, renew and keep in full force and effect and in good standing its existence and its rights, privileges and franchises necessary or desirable in the normal conduct of business.

(b) Guarantor will comply with the covenant set forth in Section 5.17 of the Credit Agreement as if such covenant was set forth herein.

(c) All restrictions imposed upon Borrowers by the Credit Agreement with respect to dividends and distributions shall further apply to dividends and distributions by Guarantor to its Affiliates and bind Guarantor as if such restrictions were set forth in full herein and made applicable to Guarantor, such that Guarantor shall be permitted to make Permitted Distributions to its Affiliates only to the extent that Borrowers are permitted to make Permitted Distributions to its Affiliates under the terms of the Credit Agreement.

18. <u>Successors and Assigns</u>. This Guaranty shall be binding upon the successors and assigns of Guarantor. If more than one party executes this Guaranty, the liability of all such parties shall be joint and several.

19. **<u>CONSTRUCTION; CHOICE OF LAW</u>. THIS GUARANTY, THE CREDIT AGREEMENT, AND ALL OTHER INSTRUMENTS EVIDENCING AND SECURING THE LOAN SECURED HEREBY WERE NEGOTIATED IN THE STATE OF NEW YORK, AND DELIVERED BY GUARANTOR OR BORROWERS, AS APPLICABLE, AND ACCEPTED BY AGENT AND LENDERS IN THE STATE OF NEW YORK, WHICH STATE THE PARTIES AGREE HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND THE UNDERLYING TRANSACTIONS EMBODIED HEREBY. IN ALL RESPECTS, INCLUDING, WITHOUT LIMITATION, MATTERS OF CONSTRUCTION OF THE IMPROVEMENTS AND PERFORMANCE OF THIS GUARANTY AND THE OBLIGATIONS ARISING HEREUNDER, THIS GUARANTY SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND TO BE PERFORMED IN SUCH STATE AND ANY APPLICABLE LAWS OF THE UNITED STATES OF AMERICA. THE TITLES OF THE PARAGRAPHS OF THIS GUARANTY ARE FOR CONVENIENCE OF REFERENCE ONLY AND ARE NOT TO BE CONSIDERED IN CONSTRUING THIS GUARANTY.**

20. <u>Advances of Proceeds of Loan</u>. Agent shall be entitled to honor any request made by Borrowers for advances of proceeds of Loan and shall have no obligation to see to the proper disposition of such advances. Guarantor agrees that its obligations hereunder shall not be released or affected by reason of any improper disposition by Borrowers of such proceeds of Loan.

21. <u>Counterparts</u>. This Guaranty may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were

upon the same instrument. Signatures by facsimile or by electronic mail delivery of an electronic version of any executed signature page shall bind the parties hereto.

**[SIGNATURES APPEAR ON FOLLOWING PAGE(S)]**

12

*(Signature Page to Payment Guaranty)*

**IN WITNESS WHEREOF**, intending to be legally bound, the undersigned has caused this Guaranty to be executed the day and year first above mentioned.

**GUARANTOR**:

**EMSI HOLDCO, INC.**, a Delaware corporation

By: _____
Jeff Robertson
Chief Financial Officer
