Sherrel K. Knighton, Esq.
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Frwy, Suite 1000
Dallas, Texas 75207
(214) 880-0089 Telephone
(469) 221-5003 Facsimile

Attorneys for Dallas County,
Harris County, and McLennan County

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Case No 20-32548-HDH-7** |
| §| | |
| **EXAMINATION MANAGEMENT** § | | **Chapter 7** |
| **SERVICES, INC.,** § | | |
| § | | |
| **Debtor.** § | | |

### DALLAS COUNTY, HARRIS COUNTY, AND MCLENNAN COUNTY'S LIMITED OBJECTION TO MIDCAP FUNDING IV TRUST'S AGREED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Come now Dallas County[1], Harris County[2], and McLennan County[3] (collectively, the "Taxing Entities") creditors and parties-in-interest, and file this, their Limited Objection to MidCap Funding IV Trust's ("MidCap") Agreed Motion for Relief from the Automatic Stay (the "Motion") and in support thereof would show the Court as follows:

1. The Taxing Entities assert that they hold senior liens against all of the Debtor's tangible business personal property (the "Collateral") pursuant to sections 32.01 and 32.05 of the Texas Tax Code. These liens secure delinquent 2018 and current-year 2020 ad valorem property

---

[1] On behalf of itself and the City of Irving, City of Farmers Branch, Coppell Independent School District, Dallas County Community College District, Parkland Hospital District, and Dallas County School Equalization Fund.
[2] On behalf of itself and the City of Houston, Houston Independent School District, Harris County Flood Control District, Port of Houston Authority, Harris County Hospital District, Harris County Department of Education, and Houston Community College System.
[3] On behalf of itself and McLennan Community College District.

Dallas County, Harris County, and McLennan County's Limited Objection MidCap Funding IV Trust's Agreed Motion for Relief from the Automatic Stay, Page 1

taxes assessed against the Collateral in the aggregate amount of $17,140.84. In order to secure their claims, the Taxing Entities hold pre-eminent liens against the Collateral, including all furniture, fixtures, machinery, equipment, inventory, vehicles, and vehicle inventory. Pursuant to Sections 32.01 and 32.05 of the Texas Property Tax Code, the Taxing Entities' liens attach on January 1 of the relevant tax year and, with limited exceptions that do not appear applicable in this case, are superior to all other liens or interests, regardless of the date any other liens or interests were perfected. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Furthermore, the Taxing Entities' liens "float" and attach to all after-acquired property of the debtor. *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

2. The Taxing Entities do not oppose the relief requested in MidCap's Motion. However, in light of MidCap's request for a waiver of the 14-day requirement imposed by Bankruptcy Rule 4001(a)(3) to permit it to immediately enforce an order granting its Motion, thereby allowing MidCap to obtain possession of collateral in which the Taxing Entities hold senior liens, Taxing Entities request that any order terminating the stay as to MidCap also terminate the stay as to the Taxing Entities, including a waiver of the 4001(a)(3) 14-day requirement. The estate, the Debtor, nor any other party will be harmed by granting the Taxing Entities the relief requested herein in the event MidCap's Motion is granted.

WHEREFORE, premises considered, the Taxing Entities respectfully request that the Court deny the relief requested in the Motion unless the Taxing Entities are afforded the same relief, and grant the Taxing Entities such other and further relief to which they may be justly entitled.

Dated: November 24, 2020.

Respectfully submitted,

          Linebarger Goggan Blair & Sampson, LLP
          2777 N. Stemmons Frwy, Suite 1000
          Dallas, TX 75207
          Ph. No. (214) 880-0089
          Fax No. (469) 221-5003
          sherrel.knighton@lgbs.com

By:   /s/ *Sherrel K. Knighton*
      Sherrel K. Knighton
      SBN 00796900

ATTORNEYS FOR DALLAS COUNTY, HARRIS COUNTY, AND MCLENNAN COUNTY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served electronically on the parties listed below and on all parties requesting electronic notice in this case on the 24th day of November 2020.

          /s/ *Sherrel K. Knighton*
          Sherrel K. Knighton

Daniel J. Sherman, Esq.
Sherman & Yaquinto, LLP
509 N. Montclair
Dallas, TX 75208

John E. Mitchell, Esq.
Katten Muchin Rosenman LLP
2121 North Pearl Street, Suite 1100
Dallas, TX 75201

Shari L. Heyen, Esq.
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002

United States Trustee
1100 Commerce Street, Rm. 976
Dallas, TX 75242