



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 17, 2020**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 7 |
| EXAMINATION MANAGEMENT SERVICES, INC., | § | Case No. 20-32548-HDH-7 |
| Debtor. | § | |
| In re: | § | Chapter 7 |
| EMSI ACQUISITION, INC., | § | Case No. 20-32549-MVL-7 |
| Debtor. | § | |
| In re: | § | Chapter 7 |
| EMSI HOLDCO, INC., | § | Case No. 20-32550-SGJ-7 |
| Debtor. | § | |
| In re: | § | Chapter 7 |
| EMSI HOLDING COMPANY, | § | Case No. 20-32551-HDH-7 |
| Debtor. | § | |

1

**ORDER GRANTING AGREED MOTION OF MIDCAP FUNDING IV**
**TRUST FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the *Agreed Motion of MidCap Funding IV Trust For Relief From the Automatic Stay* (the "Motion");[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and it appearing that the venue of this chapter 7 case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation, including consideration that no party-in-interest opposes the Motion and sufficient cause appearing therefor;

**IT IS HERBY ORDERED** that:

1. The Motion is **GRANTED**.

2. Relief from the automatic stay is granted pursuant to 11 U.S.C. §§ 362(d)(1) and (2), and MidCap is authorized to exercise all rights and remedies under the Loan Documents, including to seize, collect, store, inventory, market, liquidate, auction, sell, and otherwise realize upon the Collateral to the extent authorized under the Loan Documents.

3. MidCap is authorized to apply the net proceeds from the Collateral toward all amounts due and owing under the Loan Documents.

4. MidCap is authorized to obtain the funds held in Debtors' bank accounts governed by the Sweep DACA.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

5.      The Trustee is authorized to disburse $74,171.93 to MidCap on account of funds

received from Modern Woodmen of America. To the extent that the Trustee subsequently receives

payments on account of the Debtors' accounts receivable, which constitute Collateral of MidCap,

the Trustee is authorized to turn over such payments to MidCap.

6.      The stay imposed under Bankruptcy Rule 4001(a)(3) is hereby waived, and this

Order shall be immediately enforceable upon its entry.

7.      The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation, implementation, and enforcement of this Order.

# # # End of Order # # #

Agreed as to Substance and Form:

**GREENBERG TRAURIG, LLP**

/s/ Shari L. Heyen
Shari L. Heyen
Texas Bar No. 09564750
*HeyenS@gtlaw.com*
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:    (713) 374-3500
Facsimile:    (713) 374-3505

**Counsel for MidCap Funding IV Trust**

**SHERMAN & YAQUINTO, L.L.P**

/s/ Daniel J. Sherman
Daniel J. Sherman
Sherman & Yaquinto, L.L.P.
509 N. Montclair
Dallas, TX 75208
Telephone: (214) 942-5502
Email: djsherman@syllp.com

**Chapter 7 Trustee**